**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| DYFAN, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>      Defendant. | Civil Action No. 6:21-cv-114<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Dyfan, LLC ("Dyfan" or "Plaintiff"), for its Complaint against Defendant Target Corporation ("Target" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

**THE PARTIES**

2. Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 211 West Tyler Street, Suite C, Longview, Texas 75601.

3. Upon information and belief, Target is a corporation organized under the laws of the State of Minnesota with the principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.  Upon information and belief, Target sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

1

## **JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Target under the laws of the State of Texas and the Texas Long Arm Statute, due at least to Target's substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas and in this district.  Within this state, Target has committed, and continues to commit, acts of patent infringement as alleged herein.  In addition, Target has derived revenues from its infringing acts occurring within this district.

7. Target is subject to the Court's general jurisdiction, including from regularly conducting or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities within Texas and within this district.  Target has committed such purposeful acts or transactions in Texas such that it reasonably should know and expect that it could be haled into this Court because of such activities.

8. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

9. Venue is also proper in this district because Target has a regular and established place of business in this district.  For instance, Target has numerous retail locations in this district, including ten stores in Austin, four stores in El Paso, two in Midland/Odessa, five in San Antonio, and one in Waco.  (*See, e.g.*, *Waco*, TARGET.COM,

https://www.target.com/sl/waco/1531 (last visited Dec. 15, 2020) (Target's Waco store is located at 5401 Bosque Blvd, Waco, TX 76710-4442).)

## BACKGROUND

### The Invention

10. Scott Sturges Andrews and Axel Fuchs are the inventors of the U.S. Patent No. 10,631,146, entitled "System for Location Based Triggers for Mobile Devices" (the "'146 patent"). A true and correct copy of the '146 patent is attached as Exhibit A.

11. The '146 patent resulted from the pioneering efforts of Messrs. Andrews and Fuchs (hereinafter, the "Inventors") in the area of network communications, and more particularly of network communications with mobile devices. These efforts resulted in the development of methods and systems for location-based triggers for mobile devices in as early as 2011.

12. The '146 patent describes methods and systems for broadcasting content to a mobile device application (at a mobile device) based on a location (within a facility) of the mobile device that are executing the mobile device application. (*See, e.g.*, '146 patent at 2:5-30, 30:28-32:13.)

13. The '146 patent describes improved methods and systems to deliver "messages targeted to [customer's] specific needs or interests" in real time while customers are in the stores. (*See* '146 patent, at 16:49-50; *see also id.* at 15:38-39.) The messages are targeted to the customer's specific needs or interests based on a detected location of the customer within a store. (*See id.* at 6:24-26 & fig. 3; *see also id.* at 5:35-66 (examples of other types of locations).)

14. The '146 patent also describes methods and systems where the information may be communicated based on other factors, such as a profile of the mobile device's user, a

requirement of the information, and/or any other parameter, data, etc. capable of being a basis for the communication of the information.  (*Id.* at 7:21-28.)

15. In addition, the claims of the '146 patent recite inventive concepts that improve the functioning of beacon technologies, particularly because it describes systems in which elements are configured to cooperate to trigger one or more mobile device actions including causing to be output visual information, based on particular location-relevant information that is, in turn, based on at least one value.  (*See, e.g.*, *id.* at 30:28-48.)

**Technological Innovation**

16. The patented invention disclosed in the '146 patent resolves technical problems related to network communications with mobile devices, particularly problems related to broadcasting location-relevant information by utilizing location based triggers.  (*See* '146 patent, figs. 3-5.)

17. The claims of the '146 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '146 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to broadcast and rebroadcast location-relevant information when communicating with mobile devices.

18. In addition, the claims of the '146 patent recite inventive concepts that overcome problems arising out how to broadcast and rebroadcast information targeted to the customer's preferences when communicating with mobile devices.

19. Moreover, the claims of the '146 patent recite inventive concepts that are not merely routine or conventional use of network communications with mobile devices.  Instead,

the patented invention disclosed in the '146 patent provides a new and novel solution to specific problems related to improving beacon technologies.

20. And finally, the patented invention disclosed in the '146 patent does not preempt all the ways that location based triggers may be used to improve network communications with mobile devices, nor does the '146 patent preempt any other well-known or prior art technology.

21. Accordingly, the claims in the '146 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,631,146

22. The allegations set forth in the foregoing paragraphs 1 through 21 are incorporated into this First Claim for Relief.

23. On April 21, 2020, the '146 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System for Location Based Triggers for Mobile Devices."

24. Dyfan is the assignee and owner of the right, title and interest in and to the '146 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

25. Upon information and belief, Target has and continues to directly infringe one or more claims of the '146 patent by making, using, and/or providing and causing to be used one or more beacons and a server in conjunction with the Target Mobile Application [Apple Store ID Number 297430070] to display deals at a mobile device based on a location of the mobile device (the "Accused System").

26. Upon information and belief, the Accused Systems perform at least the method claimed in claim 1 of the '146 patent. (*See* '146 patent at 30:28 to 32:12.)

27.     Exemplary infringement analysis showing infringement of claim 1 of the '146 patent is set forth in Exhibit B.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Target with respect to the '146 patent.  Dyfan reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '146 patent.

28.     The Accused System infringed and continue to infringe at least claim 1 of the '146 patent during the pendency of the '146 patent.

29.     On information and belief, Target knows about the '146 patent at least because Target was party to a prior litigation involving the U.S. Patent Nos. 10,194,292 and 9,973,899. (*See Dyfan, LLC v. Target Corp.*, C.A. No. 6:19-cv-00179-ADA (W.D. Tex.) (the complaint filed Feb. 28, 2019).)  Like the '146 patent, those patents claim priority from the Provisional Application No. 61/517,584 filed on March 1, 2011.  The 371(c) filing date of the '146 patent was October 25, 2019, while Dyfan's prior lawsuit against Target was pending before the Court.

30.     On information and belief, since Target had knowledge of the '146 patent, Target's infringement has been and continues to be willful.

31.     Dyfan has been harmed by Target's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Dyfan demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dyfan demands judgment for itself and against Target as follows:

A.      An adjudication that Target has infringed the '146 patent;

B.   An award of damages to be paid by Target adequate to compensate Dyfan for Target's past infringement of the '146 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.   A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Dyfan's reasonable attorneys' fees; and

D.   An award to Dyfan of such further relief at law or in equity as the Court deems just and proper.

Dated: February 2, 2021                            DEVLIN LAW FIRM LLC

/s/ James Lennon
James Lennon (DE Bar No. 4570)
Derek Dahlgren (*pro hac vice* forthcoming)
Nadiia Loizides (*pro hac vice* forthcoming)
Devlin Law Firm
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
nloizides@devlinlawfirm.com

*Attorneys for Plaintiff Dyfan, LLC*